UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

DMITRIY YEGOROV,

    Plaintiff,

v.

DON RAY,

    Defendant.

No. 2:15-cv-1279 KJM DAD PS

<u>FINDINGS AND RECOMMENDATIONS</u>

Plaintiff, Dmitriy Yegorov, is proceeding in this action pro se. This matter was referred to the undersigned in accordance with Local Rule 302(c)(21) and 28 U.S.C. § 636(b)(1). Plaintiff has requested leave to proceed in forma pauperis pursuant to 28 U.S.C. § 1915.

Plaintiff's in forma pauperis application makes the showing required by 28 U.S.C. § 1915(a)(1). However, a determination that a plaintiff qualifies financially for in forma pauperis status does not complete the inquiry required by the statute. "'A district court may deny leave to proceed in forma pauperis at the outset if it appears from the face of the proposed complaint that the action is frivolous or without merit.'" <u>Minetti v. Port of Seattle</u>, 152 F.3d 1113, 1115 (9th Cir. 1998) (quoting <u>Tripati v. First Nat. Bank & Trust</u>, 821 F.2d 1368, 1370 (9th Cir. 1987)). <u>See also</u> <u>Smart v. Heinze</u>, 347 F.2d 114, 116 (9th Cir. 1965) ("It is the duty of the District Court to examine any application for leave to proceed in forma pauperis to determine whether the

/////

proposed proceeding has merit and if it appears that the proceeding is without merit, the court is bound to deny a motion seeking leave to proceed in forma pauperis.").

Moreover, the court must dismiss an in forma pauperis case at any time if the allegation of poverty is found to be untrue or if it is determined that the action is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against an immune defendant.  See 28 U.S.C. § 1915(e)(2).  A complaint is legally frivolous when it lacks an arguable basis in law or in fact.  Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th Cir. 1984).  Under this standard, a court must dismiss a complaint as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless.  Neitzke, 490 U.S. at 327; 28 U.S.C. § 1915(e).

To state a claim on which relief may be granted, the plaintiff must allege "enough facts to state a claim to relief that is plausible on its face." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007).  In considering whether a complaint states a cognizable claim, the court accepts as true the material allegations in the complaint and construes the allegations in the light most favorable to the plaintiff.  Hishon v. King & Spalding, 467 U.S. 69, 73 (1984); Hosp. Bldg. Co. v. Trustees of Rex Hosp., 425 U.S. 738, 740 (1976); Love v. United States, 915 F.2d 1242, 1245 (9th Cir. 1989).  Pro se pleadings are held to a less stringent standard than those drafted by lawyers.  Haines v. Kerner, 404 U.S. 519, 520 (1972).  However, the court need not accept as true conclusory allegations, unreasonable inferences, or unwarranted deductions of fact.  Western Mining Council v. Watt, 643 F.2d 618, 624 (9th Cir. 1981).

The minimum requirements for a civil complaint in federal court are as follows:

> A pleading which sets forth a claim for relief . . . shall contain (1) a short and plain statement of the grounds upon which the court's jurisdiction depends . . . , (2) a short and plain statement of the claim showing that the pleader is entitled to relief, and (3) a demand for judgment for the relief the pleader seeks.

FED. R. CIV. P. 8(a).

Moreover, jurisdiction is a threshold inquiry that must precede the adjudication of any case before the district court.  Morongo Band of Mission Indians v. Cal. State Bd. of Equalization, 858 F.2d 1376, 1380 (9th Cir. 1988).  Federal courts are courts of limited

jurisdiction and may adjudicate only those cases authorized by federal law. Kokkonen v. Guardian Life Ins. Co., 511 U.S. 375, 377 (1994); Willy v. Coastal Corp., 503 U.S. 131, 136-37 (1992). "Federal courts are presumed to lack jurisdiction, 'unless the contrary appears affirmatively from the record.'" Casey v. Lewis, 4 F.3d 1516, 1519 (9th Cir. 1993) (quoting Bender v. Williamsport Area Sch. Dist., 475 U.S. 534, 546 (1986)).

Lack of subject matter jurisdiction may be raised by the court at any time during the proceedings. Attorneys Trust v. Videotape Computer Prods., Inc., 93 F.3d 593, 594-95 (9th Cir. 1996). A federal court "ha[s] an independent obligation to address sua sponte whether [it] has subject-matter jurisdiction." Dittman v. California, 191 F.3d 1020, 1025 (9th Cir. 1999). It is the obligation of the district court "to be alert to jurisdictional requirements." Grupo Dataflux v. Atlas Global Group, L.P., 541 U.S. 567, 593 (2004). Without jurisdiction, the district court cannot decide the merits of a case or order any relief. See Morongo, 858 F.2d at 1380.

The burden of establishing jurisdiction rests upon plaintiff as the party asserting jurisdiction. Kokkonen, 511 U.S. at 377; see also Hagans v. Lavine, 415 U.S. 528, 543 (1974) (acknowledging that a claim may be dismissed for lack of jurisdiction if it is "so insubstantial, implausible, . . . or otherwise completely devoid of merit as not to involve a federal controversy within the jurisdiction of the District Court"); Bell v. Hood, 327 U.S. 678, 682-83 (1946) (recognizing that a claim is subject to dismissal for want of jurisdiction where it is "wholly insubstantial and frivolous" and so patently without merit as to justify dismissal for lack of jurisdiction ); Franklin v. Murphy, 745 F.2d 1221, 1227 n.6 (9th Cir. 1984) (holding that even "[a] paid complaint that is 'obviously frivolous' does not confer federal subject matter jurisdiction . . . and may be dismissed sua sponte before service of process.").

District courts have "original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States."[1] 28 U.S.C. § 1331. "Most federal-question jurisdiction cases are those in which federal law creates a cause of action. A case may also arise under

---

[1] District courts also have "original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between [] citizens of different States." 28 U.S.C. § 1332(a)(1). Here, in his complaint plaintiff does not allege that the parties are citizens of different states.

1  federal law where '"it appears that some substantial, disputed question of federal law is a
2  necessary element of one of the well-pleaded state claims."' Wander v. Kaus, 304 F.3d 856, 858
3  (9th Cir. 2002) (quoting Franchise Tax Bd. of Cal. v. Constr. Laborers Vacation Trust for S. Cal.,
4  463 U.S. 1, 13 (1983)). The "well-pleaded complaint rule" provides that federal jurisdiction
5  exists only when a federal question is presented on the face of the plaintiff's properly pleaded
6  complaint. California v. United States, 215 F.3d 1005, 1014 (9th Cir. 2000). "'Arising under'
7  federal jurisdiction only arises . . . when the federal law does more than just shape a court's
8  interpretation of state law; the federal law must be at issue." Int'l Union of Operating Eng'rs v.
9  County of Plumas, 559 F.3d 1041, 1045 (9th Cir. 2009). The mere presence of a federal issue
10 does not automatically confer federal-question jurisdiction, and passing references to federal
11 statutes do not create a substantial federal question. Lippitt v. Raymond James Fin. Servs., Inc.,
12 340 F.3d 1033, 1040-41 (9th Cir. 2003); Rains v. Criterion Sys., Inc., 80 F.3d 339, 344 (9th Cir.
13 1996).

14  In this case, it is apparent from the allegations found in plaintiff's complaint that the court
15 lacks subject matter jurisdiction over this action. In this regard, plaintiff's complaint alleges that
16 the defendant, "Lutheran church priest Don Ray," committed "ASSAULT AND BURGLARY,"
17 by stealing property from plaintiff's car. (Compl. (Dkt. No. 1) at 2.) These allegations do not
18 implicate the Constitution, laws, or treaties of the United States. See Gonzalez v. PGE, No. 1:14-
19 cv-1736 LJO SMS, 2014 WL 6469117, at *3 (E.D. Cal. Nov. 17, 2014) ("this Court has no
20 jurisdiction over a state tort claim. Although 28 U.S.C. § 1367(a) provides for supplemental
21 jurisdiction in any civil action in which the district court has original jurisdiction, the district
22 court must first have such original jurisdiction"); Poe v. Huckabay, No. 1:07-cv-0413-SKO PC,
23 2010 WL 1663141, at *9 (E.D. Cal. Apr. 22, 2010) ("Criminal statutes generally do not provide a
24 private cause of action or a basis for civil liability.").

25  Accordingly, plaintiff's complaint should be dismissed for lack of subject matter
26 jurisdiction.
27 /////
28 /////

1    LEAVE TO AMEND

2    The undersigned has carefully considered whether plaintiff may amend his pleading to
3    state a claim over which the court would have subject matter jurisdiction.  "Valid reasons for
4    denying leave to amend include undue delay, bad faith, prejudice, and futility."  California
5    Architectural Bldg. Prod. v. Franciscan Ceramics, 818 F.2d 1466, 1472 (9th Cir. 1988).  See also
6    Klamath-Lake Pharm. Ass'n v. Klamath Med. Serv. Bureau, 701 F.2d 1276, 1293 (9th Cir. 1983)
7    (holding that while leave to amend shall be freely given, the court does not have to allow futile
8    amendments).  In light of this court's obvious lack of subject matter jurisdiction over this action,
9    the undersigned finds that it would be futile to grant plaintiff leave to amend in this case.

10    Accordingly, IT IS HEREBY RECOMMENDED that:

11    1. Plaintiff's June 15, 2015, application to proceed in forma pauperis (Dkt. No. 2)
12    be denied;

13    2. Plaintiff's June 15, 2015 complaint (Dkt. No. 1) be dismissed without prejudice
14    for a lack of subject matter jurisdiction; and

15    3. This action be closed.

16    These findings and recommendations will be submitted to the United States District Judge
17    assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(1).  Within fourteen (14)
18    days after being served with these findings and recommendations, plaintiff may file written
19    objections with the court.  A document containing objections should be titled "Objections to
20    Magistrate Judge's Findings and Recommendations."  Plaintiff is advised that failure to file
21    objections within the specified time may, under certain circumstances, waive the right to appeal
22    the District Court's order.  See Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

23    Dated:  September 29, 2015

25    DAD:6
      Ddad1\orders.pro se\yegorov1279.ifp.den.f&rs.docx

_/s/ Dale A. Drozd_
DALE A. DROZD
UNITED STATES MAGISTRATE JUDGE

5